**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| SHIRLEY WALKER, | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. |
| | § | |
| V. | § | JURY |
| | § | |
| BURLINGTON COAT FACTORY OF | § | |
| TEXAS, INC., AND KENNETH BLAKE | § | |
| BRUNER, | § | |
| | | |
| *Defendants.* | | |

## DEFENDANT BURLINGTON COAT FACTORY OF TEXAS, INC.'S NOTICE OF REMOVAL

COME NOW Defendants Burlington Coat Factory of Texas, Inc. ("Burlington"), Kenneth Blake Bruner ("Bruner") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, and make and file this Notice of Removal of an action pending in the 172nd District Court of Jefferson County, Texas, Cause No.-E-206608 and state as follows:

### PRELIMINARY STATEMENT

1.      This action belongs in the United States District Court for the Eastern District of Texas, Sherman Division, because all proper parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. The alleged domestic defendant, Bruner, is not a proper party to this suit, as there are no viable causes of action against Defendant Bruner alleged in Plaintiff's Original Petition. Burlington is therefore the only proper defendant to this lawsuit. Plaintiff improperly joined Bruner in an attempt to defeat diversity jurisdiction. This is evident from Plaintiff's pleadings, which do not state a viable cause of action.

2.      Because Plaintiff improperly joined Bruner to attempt to defeat diversity jurisdiction, this Court may disregard this Defendant's citizenship. Plaintiff and Burlington Coat

Factory of Texas, Inc.—the remaining proper parties—are completely diverse, and the amount in controversy exceeds the jurisdictional limit of this Court. Removal is therefore proper.

## Procedural History

3.      On or about November 16, 2020, Plaintiff Shirley Walker ("Plaintiff") filed her Original Petition against Burlington Coat Factory of Texas, Inc. and Kenneth Blake Bruner in the 172nd District Court of Jefferson County, Texas. A true and correct copy of Plaintiff's Original Petition is attached hereto as Exhibit C-1.

4.      Plaintiff served Burlington Coat Factory of Texas, Inc., with citation on or about January 20, 2021 through C T Corporation Services Company, Burlington's registered agent. Plaintiff served Bruner with citation on or about January 25, 2021.

5.      The Defendants timely filed an Answer[1] and Jury Demand[2] in state court on February 15, 2021.

6.      Fewer than thirty days have elapsed since Plaintiff served Defendants with her Original Petition.

7.      Pursuant to 28 U.S.C. § 1446 and Eastern District of Texas Local Rule 81, Burlington attaches to this Notice of Removal a true and correct copy of (1) a list of all parties in the case, their party type, and current status of the removed case; (2) a civil cover sheet; (3) a copy of the state court docket sheet[3]; (4) a copy of all pleadings that assert causes of action; all answers to such pleadings[4] and a copy of all process and orders served upon the party removing the case to this Court as required by 28 U.S.C. § 1446(a); (5) a complete list of attorneys

---

[1] *See* Exhibit C-2.
[2] *See* Exhibit I.
[3] Despite Defendants' efforts, a certified docket sheet was not received by the time of this filing. Defendants will supplement with same if requested.
[4] While Defendants timely filed their Jury Demand and Original Answer, due to the inclement weather experienced this week in Texas, the filings have not been accepted by the State Court. As such, the filings are not reflected on the docket sheet, and a file stamped copy is not attached. Defendants will provide an updated docket sheet and file stamped copies of the pleadings if requested.

involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney; (6) a record of which parties have requested jury trial; and (7) the name and address of the Court from which the case was removed.

8.      Written notice of the filing of this Notice of Removal is being filed in the 172nd District Court of Jefferson County, Texas, and provided to Plaintiff as required by the Federal Rules.

GROUNDS FOR REMOVAL

**A.  Diversity Jurisdiction Exists.**

9.      Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446 because this is a civil action over which the Federal District Courts have original jurisdiction. 28 U.S.C. § 1441(a) states that a civil case filed in state court may be removed to Federal Court if the case could have been originally brought in Federal Court.

10.      This Court has original jurisdiction under 28 U.S.C. § 1332 by reason of diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), Federal District Courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

11.      At the time this action was first filed, Plaintiff was, and remains, a citizen of the State of Texas. Burlington Coat Factory of Texas, Inc., was, and remains, a Florida For-Profit Corporation. Burlington Coat Factory of Texas, Inc.'s principal place of business is in Burlington, New Jersey. Thus, Burlington Coat Factory of Texas, Inc. is a citizen of Florida and New Jersey.

**B.  Kenneth Blake Bruner is not a proper party and should be disregarded as there are no viable causes of action for which Plaintiff can recover under Texas Law.**

12.     Under the doctrine of improper joinder, a Court may disregard a non-diverse defendant only if the removing party proves either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." [5] Under the second category, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the District Court to predict that the plaintiff might be able to recover against an in-state defendant."[6]

13.     In determining whether a non-diverse defendant has been improperly joined, the Court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[7] In doing so, however, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."[8] Under diversity jurisdiction, Federal Courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[9]

14.     In Texas, an individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party apart from the employer's duty[10]. Plaintiff has not alleged any facts, actions, or omissions in her Original Petition that would allow Plaintiff to recover from

---

[5] *Smallwood v. Illinois Cent. R.R.,* 385 F.3d 568, 573 (5th Cir.2004).

[6] *Id.*

[7] *Id; Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002).

[8] *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir.2003).

[9] *Garrison v. The Sherwin–Williams Co.,* 2010 WL 2573973, *4 (E.D.Tex.2010)(unreported).

[10] *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)).

Bruner in his individual capacity, nor has she alleged that he owed any separate or independent duty of reasonable care to Plaintiffs apart from Burlington's duty. In fact, Plaintiff has not even alleged that Bruner was present at the time of the alleged incident (and in fact he was not on the premises at the time of the alleged incident).

15.     The Eastern District of Texas has acknowledged multiple times that removal is proper when, as here, there is not a reasonable possibility of recovery against a store manager/employee when there was not a duty independent of the employer's similar duty.[11]   Further, the Eastern District of Texas held that "[a]ny ambiguity in Texas law was resolved by the Texas Supreme Court in *Tri v. J.T.T & M.T.* Under Texas law, *an employee may not be held individually liable unless he breaches an independent duty* of care he owed to the injured party that is *separate from the duty owed by the employer*."[12] The Eastern District of Texas has also specifically held that these principles are controlling in a premises liability case.[13]

16.     Texas law is clear that actions by an employee or officer taken in course and scope of employment, "whether active or passive," are actions of the corporation on behalf of the employer.

---

[11] *See e.g. Madondo v. NMP-Stone Creek LLC,* No. 9:19-CV-99, 2019 WL 7576811, (E.D. Tex. Oct. 21, 2019), report and recommendation adopted, 2020 WL 136860 (E.D. Tex. Jan. 11, 2020) (dismissing claims against employees - and denying remand - where the employer and employee allegedly committed "the identical negligent acts or omissions" and the employee simply carried out a duty that the employer owed); *Beaumont v. Kroger Texas, LP,* No. 4:09CV605, 2010 WL 5510418  (E.D. Tex. Dec. 8, 2010), report and recommendation adopted, No. 4:09CV605, 2011 WL 31797 (E.D. Tex. Jan. 5, 2011); *Kerr v. Target Corp*., No. 4:15CV13, 2015 WL 2227790, (E.D. Tex. May 11, 2015); *Garrison v. The Sherwin-Williams Co.*, 4:10CV128, 2010 WL 2573973, at *4-5 (E.D. Tex. June 1, 2010) (Mag. J. Mazzant), *report and recommendation adopted*, 4:10CV128, 2010 WL 2573963 (E.D. Tex. June 22, 2010) (not designated for publication); and *Ruelas v. Wal-Mart*, No. 4:12CV729, 2013 WL 949344, (E.D. Tex. Jan. 30, 2013), report and recommendation adopted, No. 4:12CV729, 2013 WL 943412 (E.D. Tex. Mar. 8, 2013) (therefore, unless defendant had an independent duty to Plaintiff, there is no reasonable possibility of recovery against Barela, and Barela is improperly joined.)

[12] *See Ruelas* WL 949344 (citing *Tri v. J.T.T & M.T., 162 S.W.3d 552, 562 (Tex. 2005)* (internal citations omitted) (emphasis added). *See also Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008) (overruled on other grounds) (citing same); *Solis v. Wal-Mart Stores East, L.P.,* 617 F.Supp.2d 476, 481 (S.D. Tex. 2008); *McKinney v. Home Depot USA, Inc.*, No. 4:06-cv-0327-A, 2006 WL 2947324, a (N.D. Tex. Oct. 13, 2006)).

[13] *Ruelas*, WL 949344. *See also Beaumont v. Kroger Texas, LP*, 2010 WL 5510418, at *1; *Garrison v. The Sherwin-Williams Co.*, 4:10CV128, 2010 WL 2573973, at *4-5 (E.D. Tex. June 1, 2010) (Mag. J. Mazzant), *report and recommendation adopted*, 4:10CV128, 2010 WL 2573963 (E.D. Tex. June 22, 2010) (not designated for publication).

17.     In this case, Plaintiff's only allegations concerning Bruner deal with alleged duties he may have allegedly owed or breached in his capacity as a Burlington employee and are not distinct from those which Burlington, itself, would allegedly owe. Therefore, Plaintiff alleges no facts that would support that Bruner owed Plaintiffs any duty independent and apart from Burlington's alleged duty.

18.     Because there is no possibility that Plaintiff can maintain a cause of action against Bruner based on the pleaded facts, and because there is no allegation to support an independent duty Bruner owed to Plaintiff apart from his employer's duty, Bruner has been improperly joined in this matter.

19.     Because Bruner is not a proper party to this action and has been improperly and/or fraudulently joined, his citizenship should not be considered for purposes of removal.[14] Once the claims are dismissed against Bruner, there is complete diversity between the Parties.

**C.  Plaintiff claims damages in excess of $75,000.**

20.     To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the removing party must show that the amount in controversy exceeds $75,000, exclusive of interests and costs.[15] In her Original Petition, Plaintiff claims damages between $200,000.00 and $1,000,000.00.[16] Therefore, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

---

[14] *Ruelas v. Wal-Mart*, No. 4:12CV729, 2013 WL 949344, (E.D. Tex. Jan. 30, 2013) (Mag. J. Mazzant), report and recommendation adopted, No. 4:12CV729, 2013 WL 943412 (E.D. Tex. Mar. 8, 2013) (*citing Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 572-73 (5th Cir. 2004); *Doucet v. State Farm Fire and Cas. Co*., No. 1:09-CV-142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009)) ("When assessing whether diversity jurisdiction exists, a Court must disregard non-diverse citizenship of an improperly joined defendant").

[15] *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

[16] Exhibit C-1, at ¶ 2.

**D.  Removal is Timely.**

21.     A notice of removal must be filed within thirty (30) days after a defendant is served with the state-court petition.[17] Defendants were served with Plaintiff's Original Petition on January 20, 2021 and January 25, 2021.[18] Defendants file this Notice of Removal on February 18, 2021 within thirty days of the date of service. Therefore, removal is timely.

CONCLUSION

22.     Burlington hereby removes this action to the United States District Court for the Eastern District of Texas. Plaintiff improperly joined Kenneth Blake Bruner to defeat diversity jurisdiction. This Court may ignore this Defendant's citizenship. The remaining Parties are completely diverse and the amount in controversy exceeds $75,000.

WHEREFORE, Defendant Burlington Coat Factory of Texas, Inc., hereby notices the removal of the above action now pending in the 172nd District Court of Jefferson County, Texas.

---

[17] *See* 28 U.S.C. § 1446(b).

[18] Exhibit D-1 and D-2.

Respectfully submitted,

Date:   February 18, 2021              By: */s/ Andrew J. Sarne*
                                          Andrew J. Sarne, Attorney in Charge
                                          State Bar No. 00797380
                                          5051 Westheimer Road, 10th Floor
                                          Houston, Texas 77056
                                          Telephone:  713.425.7400
                                          Facsimile:   713.425.7700
                                          ASARNE@KRCL.COM

                                          ATTORNEYS FOR DEFENDANTS
                                          BURLINGTON COAT FACTORY OF TEXAS, INC. AND
                                          KENNETH BLAKE BRUNER

 Of Counsel:

KANE RUSSELL COLEMAN LOGAN PC
Chris C. Pappas
State Bar No. 15454300
CPAPPAS@KRCL.COM
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone:  713.425.7400
Facsimile:   713.425.7700

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 18th day of February 2021:

> **<u>Attorney for Plaintiff</u>**
> Mark Sparks
> mark@thefergusonlawfirm.com
> Layne Walker
> lwalker@thefergusonlawfirm.com
> The Ferguson Law Firm, LLP
> 350 Pine Street, Suite 1440
> Beaumont, Texas, 77704

> */s/ Andrew J. Sarne* _____
> Andrew J. Sarne