# EXHIBIT C-1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/16/2020 3:52 PM
JAMIE SMITH
DISTRICT CLERK
E-206608

CAUSE NO._____

| | | |
|---|---|---|
| **SHIRLEY WALKER,** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| **BURLINGTON COAT FACTORY** | § | |
| **OF TEXAS INC., and** | § | |
| **KENNETH BLAKE BRUNER,** | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Comes now **SHIRLEY WALKER** (herein referred to as "Plaintiff") complaining of and about, **BURLINGTON COAT FACTORY OF TEXAS INC., and KENNETH BLAKE BRUNNER** (collectively referred to as Defendants), and in support hereof would show unto the Court as follows:

### 1. DISCOVERY-CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to Level 3, as set forth and governed by the TEXAS RULE OF CIVIL PROCEDURE.

### 2. CLAIM FOR RELIEF

Plaintiff recognizes the sole right to affix damages rests with the jury and this Honorable Court. Most Plaintiffs in Texas must plead an amount in controversy at the early stage of the litigation before completion of discovery or time elapses, and a failure to do so deprives Plaintiff of significant rights to discovery and remedies under Texas law. *See* TEX. R. CIV. P. 47(c)(4). Recognizing this law forces her, at this early stage of litigation, to plead a specific amount or be denied access to the courts, Plaintiff seeks monetary relief over $200,000 but less than $1,000,000. TEX. R. CIV. P. 47(c)(5), reserving right to amend that amount.

1

## 3.   PARTIES

Your Plaintiff, at all material times herein, was a resident of Jefferson County, Texas. Thus, Plaintiff was at all relative times, and is currently, a citizen of the State of Texas.

Defendant Burlington Coat Factory of Texas Inc., ("Burlington") is a foreign corporation authorized to do, and actually doing significant and substantial business in the State of Texas. This defendant may be served by serving its registered agent for service of process: C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant Kenneth Blake Bruner ("Bruner") is a resident of Jefferson County, Texas. As such, Defendant Bruner is a citizen of the State of Texas. Defendant Bruner may be served with process at his usual place of business located at 6430 Eastex Freeway, Beaumont, Texas 77706.

## 4. JURISDICTION & VENUE

The Court has jurisdiction over Defendant **BURLINGTON** because this defendant is a for-profit company that engages in business in the State of Texas and has the requisite minimum contacts within this State for the exercise of jurisdiction. The exercise of jurisdiction over this defendant does not offend the traditional notions of fair play and substantial justice. This defendant's contacts with the State of Texas are directly related to the cause of action herein, and regardless its contacts are systematic and continuous and/or it is essentially at home in the State of Texas.

The Court has jurisdiction over Defendant **BRUNER** because he is an individual who resides in and is domiciled in the State of Texas, is an employee of **BURLINGTON,** who was

2

acting in the course and scope of his employment at the time of the incident made the basis of this suit, has committed acts and/or omissions within the State of Texas directly related to the cause of action made this basis of this lawsuit, and was at all relevant times, and currently is, a citizen of the State of Texas.

There is a lack of diversity among the parties since Plaintiff and Defendant **BRUNER** are citizens of the State of Texas. Additionally, Plaintiff is not making any claims for relief under federal law. As such, removal of this action to federal court is *per se* improper and will be met with an immediate motion for remand including a request that sanctions be imposed against Defendants for their improper removal of this action.

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

Venue is likewise proper in this county pursuant to TEX. CIV. PRAC. & REM. CODE §15.001 et seq. and related venue provisions.

Venue is proper in Jefferson County, Texas, because all or a substantial part of the events giving rise to the cause of action occurred in Jefferson County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). Venue is further proper in Jefferson County, Texas because Jefferson County, Texas is the county of one or more non-natural-person defendants. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2). Finally, venue is proper in Jefferson County, Texas because Jefferson County, Texas is the county of one or more non-natural-person defendant's principal offices. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

3

## 5.  FACTS

On August 11, 2019, Plaintiff was a customer at the **BURLINGTON** store located at 6430 Eastex Freeway, Beaumont, Texas 77706, in Jefferson County, Texas. Plaintiff was a customer and/or invitee of Defendant. Plaintiff was walking around the women's department when she slipped on a liquid(s) and/or over-buffed floor, causing her to fall to the ground. As a result, Plaintiff sustained serious and significant injuries. The store manager at the time of Plaintiff's injury, stated the part of the floor where Plaintiff slipped was normally covered because it was over-buffed and/or slippery.  There were no warning signs in the area warning Plaintiff about the floors. Upon information and belief, Defendant **BRUNER** was the manager of this particular **BURLINGTON** at the time of incident and responsible, *inter alia*, to ensure the premises were safe and free of hazards like liquids on the floors, and/or over-buffed, or that warnings were provided.  The premises were not safe, and no adequate warnings were provided by **BRUNER**, resulting in injury to Plaintiff. As a result of Plaintiff's fall, she sustained serious injuries to her back, leg, head, hand and other parts of her body. At all times material hereto, Defendant **BURLINGTON** owned, controlled, and/or operated the premises in question. This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence of Defendant **BRUNER,** Defendant **BURLINGTON and**/or employees of Defendant **BURLINGTON.**

## 6.     CAUSES OF ACTION AGAINST KENNETH BLAKE BRUNER

Plaintiff would show that Defendant **BRUNER** was negligent in multiple and many ways. At all times material hereto, Defendant **BRUNER** was the manager in charge of the operation of the premises in question including, *inter alia*, the safety of the customers like the Plaintiff and the premises including the floors and area upon which she fell. Defendant **BRUNER** owed specific duties to Plaintiff as well as the customers of its store, said duties existing and created by common

4

law, statutory law and regulatory laws, rules and regulations. Defendant

**BRUNER** breached these duties and is thus negligent in multiple ways including (but not

limited to) the following:

    a.   Negligently and carelessly failing to warn Plaintiff of the dangerous condition;

    b.   Failing to properly maintain the floors and area in question;

    c.   Failing to properly inspect the area in question;

    d.   Failing to discover and remove the dangerous condition within a reasonable time;

    e.   Failing to use the care of a reasonably prudent person under the same or similar circumstances; and

    f.   Failing to properly train employees who are under his control and/or supervision;

    g.   In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

The foregoing acts and/or omissions were a proximate and/or producing cause of the

Plaintiff's injuries and damages.

    7.     **CAUSE OF ACTION AGAINST BURLINGTON: VICARIOUS LIABILITY**

Defendant **BURLINGTON**   is vicariously liable for the negligence of Defendant

**BRUNER** under the theory *respondeat superior* as, at all times material, **BRUNER** was employed

by Defendant **BURLINGTON**  and was acting within the course and scope of said employment,

and in the furtherance of said Defendant **BURLINGTON** 's business, at the time of the accident

made the basis of this lawsuit. Pleading further, Plaintiff would show that, at all times material,

Defendant **BRUNER** was the '*statutory employee*' of Defendant **BURLINGTON as** that term is

used and applied.

## 8.  CAUSES OF ACTION AGAINST
## BURLINGTON: DIRECT LIABILITY

Defendant **BURLINGTON** is directly and independently liable to Plaintiff for its own negligent acts and omissions as committed by it and its agents, employees, servants and representatives. Defendant **BURLINGTON** owed specific duties to Plaintiff as well as the customers of its store, said duties existing and created by common law, statutory law and regulatory laws, rules and regulations. Defendant **BURLINGTON** breached these duties and is thus negligent in multiple ways including (but not limited to) the following:

a.  Negligently and carelessly failing to warn Plaintiff of the dangerous condition;

b.  Failing to maintain safe premises;

c.  Failing to properly maintain the floors in question and the area;

d.  Failing to properly inspect the area in question;

e.  Failing to discover and remove the dangerous condition within a reasonable time;

f.  Failing to use the care of a reasonably prudent person under the same or similar circumstances;

g.  Failing to properly train employees; and

h.  Failing to inspect and maintain the floors in question and the premises;

i.  Failing to safely and adequately mark and/or warn of the area in which Plaintiff fell;

j.  Failing to adequately warn Plaintiff and others of the floors and/or condition upon which she was injured; and

k.  In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

The foregoing acts and/or omissions were a proximate and/or producing cause of the Plaintiff's injuries and damages.

## 9.      CAUSE OF ACTION AGAINST BURLINGTON: PREMISES LIABILITY

6

Defendant **BURLINGTON** was the owner and/or in control of the premises at the **BURLINGTON** located at 6430 Eastex Freeway, Beaumont, Texas 77706, at the time of this accident. To be clear, Plaintiff is bringing *both* negligence causes of action and premises causes of action against Defendant **BURLINGTON** —and any representation to the contrary would be in bad faith as such is expressly plead herein.

Plaintiff entered Defendant **BURLINGTON** **'s** premises with Defendant **BURLINGTON** 's knowledge and for their mutual benefit. More specifically, Plaintiff was a customer at this particular store.

A condition on Defendant **BURLINGTON** 's premises posed an unreasonable risk of harm. The condition, liquid(s) on the floor/or dangerous area, caused Plaintiff to trip, fall, and injure her ankle, knee and other parts of her body.

Defendant **BURLINGTON**  and/or its agents, servants and employees negligently, willfully, and/or knowingly permitted the area in question to become dangerous; negligently, willfully, and/or knowingly allowed such condition to continue; and negligently willfully and/or knowingly failed to warn Plaintiff of the dangerous condition. This condition existed despite the fact that Defendant and/or its agents, servants and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff. Defendant should have or reasonably should have known of the dangerous condition existing at the entrance of the store at the time of Plaintiff's fall.

Defendant **BURLINGTON** furthermore had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty

7

to warn or to cure.    Defendant **BURLINGTON** breached its duty to inspect, warn, and/or cure. Defendant **BURLINGTON** 's breach of duty proximately caused injury to Plaintiff.

## 10. DAMAGES

As a direct, legal and proximate cause of the Defendants' negligence herein, Plaintiff suffered severe and significant personal injuries. Plaintiff hereby sues for the recovery of the following elements of damages:

a.    Medical and other health care-related expenses, past and future;

b.    Physical pain and suffering, past and future;

c.    Mental anguish, past and future;

d.    Physical impairment, past and future; and

e.    Physical disfigurement, past and future;

f.    Lost wages;

g.    Lost earning capacity.

Plaintiff further asserts her right to recover over and from the Defendants any and all interest allowed by law including pre-judgment and post-judgment interest as well as court costs.

## 11. REQUEST FOR DISCLOSURE

Under TEX. R. CIV. P. 194, Plaintiff requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## 12. RULE 193.7 NOTICE

Plaintiff hereby notifies Defendants that the Plaintiff intends to use any document produced by Defendants in response to written discovery as an authenticated document against Defendants in any pretrial proceeding and at trial in accordance with the rights and privileges

afforded by TEX. R. CIV. P. 193.7.

## WRITTEN DISCOVERY

### REQUEST FOR DISCLOSURE

1.    *Plaintiff's Request for Disclosure to Defendant BURLINGTON* is attached as "Exhibit A" to Plaintiff's Original Petition.

### REQUEST FOR PRODUCTION

2.    *Plaintiff's Request for Production to Defendant BURLINGTON* is attached as "Exhibit B" to Plaintiff's Original Petition.

### INTERROGATORIES

3.    *Plaintiff's First Set of Interrogatories to Defendant BURLINGTON* is attached as "Exhibit C" to Plaintiff's Original Petition.

### REQUEST FOR ADMISSIONS

4.    *Plaintiff's Request for Admissions to Defendant BURLINGTON* is attached as "Exhibit D" to Plaintiff's Original Petition.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, that upon final trial hereof, the Plaintiff recovers against Defendants all of Plaintiff's damages as set forth herein as well as pre- and post-judgment interest at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiff may be justly entitled.

Respectfully submitted,

THE FERGUSON LAW FIRM
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409) 832-9700 (Phone)
(409)832-9708 (Fax)
*/s/ Mark Sparks*
Mark Sparks
State Bar No. 24000273
mark@thefergusonlawfirm.com
Layne Walker
State Bar No. 24118580

9

lwalker@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties of record in accordance with the Texas Rules of Civil Procedure on this, the 16th day of November 2020.

*/s/ Mark Sparks*
Mark Sparks

## "EXHIBIT A"

### CAUSE NO. _____

| | | |
|---|---|---|
| | § | |
| SHIRLEY WALKER, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| BURLINGTON COAT FACTORY | § | |
| OF TEXAS INC., and | § | |
| KENNETH BLAKE BRUNER, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT BURLINGTON COAT FACTORY OF TEXAS INC.

**TO:    DEFENDANT BURLINGTON COAT FACTORY OF TEXAS INC.**by and through its registered agent: C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, BURLINGTON COAT FACTORY OF TEXAS INC.(hereinafter referred to as "Defendant"), disclose, within fifty (50) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
350 PINE STREET, SUITE 1440
Beaumont, Texas 77704-4905
(409) 832-9700 (phone)
(409) 832-9708 (fax)

*/s/ Mark C. Sparks*
Mark Sparks
Texas Bar No. 24000273
mark@thefergusonlawfirm.com
Layne Walker
Texas Bar No. 24118580
lwalker@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## "EXHIBIT B"

### CAUSE NO. _____

| | | |
|---|---|---|
| **SHIRLEY WALKER,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **BURLINGTON COAT FACTORY** | § | |
| **OF TEXAS INC., and** | § | |
| **KENNETH BLAKE BRUNER,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT BURLINGTON COAT FACTORY OF TEXAS INC.

**TO:** **DEFENDANT BURLINGTON COAT FACTORY OF TEXAS INC.**by and through its registered agent:  C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, BURLINGTON COAT FACTORY OF TEXAS INC.(hereinafter referred to as "Defendant"), disclose, within fifty (50) days after the date of service of this request, the information or material described in the following request for production.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
350 PINE STREET, SUITE 1440
Beaumont, Texas 77704-4905
(409) 832-9700 (phone)
(409) 832-9708 (fax)

*/s/ Mark C. Sparks*
Mark Sparks
Texas Bar No. 24000273
mark@thefergusonlawfirm.com
Layne Walker
Texas Bar No. 24118580
lwalker@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "You", "your", "Burlington's," or "Burlington" mean Burlington Coat Factory of Texas Inc., and all of their officers, employees, agents, representatives, contractors, or others under their direction or control.  For clarity, and not by way of limitation, "You", "your", "Burlington," or "Burlington's" absolutely mean employees located at 6430 Eastex Freeway, Beaumont, Texas 77706, in Jefferson County, Texas.

2.      "Plaintiff" means the named Plaintiff named in this action, Shirley Walker.

3.      "Burlington", "store," "premises," or "property" means the property located at 6430 Eastex Freeway, Beaumont, Texas 77706, in Jefferson County, Texas.

4.      "Event", "incident", or "accident"—whether singular or plural—refer to the Plaintiff's injury on August 11, 2019 as specified in your incident report, if any.

5.      Answer each request separately, segregating documents or things according to each request.

6.      For each document or thing you claim is privileged or otherwise not discoverable, pursuant to Rule 193.3 of the TEX.R.CIV.P. 193.3(a), identify the "information or material responsive to the request has been withheld," "the request to which the information or material relates," and "the privilege or privileges asserted."  Please note that this is your formal, written request pursuant to Rule 193.3(b) that, within fifteen (15) days of your answers to these requests, you are to serve a privilege log that (1) "describes the information or materials withheld that, without revealing the privileged information or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege, and" (2) "asserts a specific privilege for each item or group of items withheld."

7.      For each document or thing you claim is not discoverable, state: a) the source of the document or thing; b) the name, address, and job title of each person who saw it; c) the name, address, and job title of the person(s) now in possession of it; and, d) the present location of the document or thing.

8.      For each document or thing that no longer exists or cannot be located, identify the document or thing, state how and when it passed out of existence or when it could no longer be located, and the reasons for the disappearance.  Additionally, identify each person having knowledge about the disposition or loss of the document or thing and identify any other document or thing that evidences the lost document or thing's existence or any other fact about the lost document or thing.

9.      The use of the singular of any word includes the plural, and vice-versa, where appropriate.

"Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description (including without limitation: letters, correspondence, telegrams, text messages, SMS messaging, emails, electronically communicated data, memoranda, notes, records, minutes, contracts, agreements, record or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced and reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. **As noted earlier, "documents" specifically include electronic or magnetic data pursuant to TEX.R.CIV.P. 196.4.** "Document" also includes any document, communication, or electronic data regarding, within, or between Cinemark corporate or administrative office, as well as the Beaumont theater or other movie theaters.

10. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

11. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, computers, cell phones, tablets, or any other electronic, magnet, physical or other devices for storing, transmitting, separating or organizing documents.

12. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

13. "Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

14. "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

15. "Communication" means any oral or written communication of which you have knowledge, information, or belief. This specifically includes **electronic or magnetic data pursuant to TEX.R.CIV.P. 196.4** encompassing any emails, texts, or other electronic / magnetic data stored, transmitted, created, edited, or at any time contained / possessed by you.

16. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT BURLINGTON

1. Any and all liability insurance policies (and the declarations pages thereto) in effect to provide coverage to this Defendant for the incident made the basis of this lawsuit.  This Request includes, but is not limited to (1) policies that provide such "excess" or "umbrella" coverage and (2) contracts, indemnity agreements, and other agreements pertaining to the subject matter of this litigation.

2. The lease agreement, if any, for the premises on the date of the incident made the basis of this suit.

3. The complete investigation file(s) for the incident made the basis of this lawsuit, that are in the possession, custody, or control of this Defendant or its agents, servants, or employees.

4. Any and all photographs of Plaintiff, the premise area in question, the floor in question and area of the fall, the caution sign or similar device in question, or any other person, place, or thing relevant to any issue in this lawsuit.

5. Any and all videographic materials that relate to this incident in any way, including but not limited to, videotape of the injury made the basis of this lawsuit, the Plaintiff, or the area of incident.

6. Any and all maps, plats, blueprints, architectural drawings, measurements, or other diagrams or specifications depicting or describing the floor and/or area where the incident made the basis of this lawsuit occurred.

7. Any and all written statements made by any employees, agents, and/or servants of the Defendant that pertain to the incident made the basis of this suit.

8. Any and all records pertaining to, or similar to, falling or slipping incidents which have occurred at Defendant's premises during the two (2) years immediately preceding the incident made the basis of this lawsuit.

9. Any and all policies, handbooks, manuals, other documents, and videographic materials describing this Defendant's efforts or desire to prevent slipping or falling incidents on its premises.

10. Any and all policies, handbooks, manuals, other documents, and videographic materials belonging to this Defendant or its agents, servants, or employees regarding the prevention of, maintenance of, or response to an injury on the premises in question.

11. Curriculum vitae for all expert witnesses designated by this Defendant.

12. All employee handbooks related to safety and/or maintenance duties.

13.     All documents reviewed and/or referenced in Defendant's Response to Plaintiff's Interrogatories Directed to Defendant.

14.     All documents, photographs, contracts, and drawings of the floor and area in which Plaintiff was injured on August 11, 2019 (an incident report was completed on this incident).

15.     All documents, photographs, maintenance, inspection, and construction documents pertaining to the particular floor and immediate area where Plaintiff's incident occurred on August 11, 2019.

16.     Please produce all incident reports, accident, reports, investigation materials, surveillance footage, or other investigatory material relevant to Plaintiff's injury, regardless whether draft or final form, and regardless whether conducted on premises or off premises.

17.     Please produce any surveillance of Plaintiff Shirley Walker, whether it is audio, video, or information / date obtained from any social media source such as Facebook, Twitter, Instagram, Linkedin, or any other social media or data sharing medium.

18.     Please produce any incident report, notes, emails, or other communications or documents relating to Plaintiff's injury.

19.     All photographs or videos of the floor and area where Plaintiff fell as documented by your incident report filled out the same day.

"EXHIBIT C"

CAUSE NO. _____

| | | |
|---|---|---|
| **SHIRLEY WALKER,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **BURLINGTON COAT FACTORY** | § | |
| **OF TEXAS INC., and** | § | |
| **KENNETH BLAKE BRUNER,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S INTERROGATORIES TO
### DEFENDANT BURLINGTON COAT FACTORY OF TEXAS INC.

**TO:** **DEFENDANT BURLINGTON COAT FACTORY OF TEXAS INC.**by and through its registered agent: C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, BURLINGTON COAT FACTORY OF TEXAS INC.(hereinafter referred to as "Defendant"), disclose, within fifty (50) days after the date of service of this request, the information or material described in the following set of interrogatories.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
350 PINE STREET, SUITE 1440
Beaumont, Texas 77704-4905
(409) 832-9700 (phone)
(409) 832-9708 (fax)

*/s/ Mark C. Sparks*
Mark Sparks
Texas Bar No. 24000273
mark@thefergusonlawfirm.com
Layne Walker
Texas Bar No. 24118580
lwalker@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "You", "your", "Burlington's," or "Burlington" mean Burlington Coat Factory of Texas Inc., and all of their officers, employees, agents, representatives, contractors, or others under their direction or control.  For clarity, and not by way of limitation, "You", "your", "Burlington," or "Burlington's" absolutely mean employees located at 6430 Eastex Freeway, Beaumont, Texas 77706, in Jefferson County, Texas.

2.      "Plaintiff" means the named Plaintiff named in this action, Shirley Walker.

3.      "Burlington, "store," "premises," or "property" means the property located at 6430 Eastex Freeway, Beaumont, Texas 77706, in Jefferson County, Texas.

4.      "Event", "incident", or "accident"—whether singular or plural—refer to the Plaintiff's injury on August 11, 2019 as specified in your incident report.

5.      Answer each request separately, segregating documents or things according to each request.

6.      For each document or thing you claim is privileged or otherwise not discoverable, pursuant to Rule 193.3 of the TEX.R.CIV.P. 193.3(a), identify the "information or material responsive to the request has been withheld," "the request to which the information or material relates," and "the privilege or privileges asserted."  Please note that this is your formal, written request pursuant to Rule 193.3(b) that, within fifteen (15) days of your answers to these requests, you are to serve a privilege log that (1) "describes the information or materials withheld that, without revealing the privileged information or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege, and" (2) "asserts a specific privilege for each item or group of items withheld."

7.      For each document or thing you claim is not discoverable, state: a) the source of the document or thing; b) the name, address, and job title of each person who saw it; c) the name, address, and job title of the person(s) now in possession of it; and, d) the present location of the document or thing.

8.      For each document or thing that no longer exists or cannot be located, identify the document or thing, state how and when it passed out of existence or when it could no longer be located, and the reasons for the disappearance.  Additionally, identify each person having knowledge about the disposition or loss of the document or thing and identify any other document or thing that evidences the lost document or thing's existence or any other fact about the lost document or thing.

9.      The use of the singular of any word includes the plural, and vice-versa, where appropriate.

"Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description (including without limitation: letters, correspondence, telegrams, text messages, SMS messaging, emails, electronically communicated data, memoranda, notes, records, minutes, contracts, agreements, record or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced and reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. **As noted earlier, "documents" specifically include electronic or magnetic data pursuant to TEX.R.CIV.P. 196.4.** "Document" also includes any document, communication, or electronic data regarding, within, or between Cinemark corporate or administrative office, as well as the Beaumont theater or other movie theaters.

10.     "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

11.     "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, computers, cell phones, tablets, or any other electronic, magnet, physical or other devices for storing, transmitting, separating or organizing documents.

12.     "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

13.     "Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

14.     "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

15.     "Communication" means any oral or written communication of which you have knowledge, information, or belief.  This specifically includes **electronic or magnetic data pursuant to TEX.R.CIV.P. 196.4** encompassing any emails, texts, or other electronic / magnetic data stored, transmitted, created, edited, or at any time contained / possessed by you.

16.     "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT BURLINGTON

1.    Please identify yourself, giving your full name, residence and business address, occupation, and the position you hold with the Defendant.

**ANSWER:**

2.    Please state the name, address and telephone number for the following:

    a.  All persons who were, have claimed to be, or are believed to be eyewitnesses to the incident made the basis of this lawsuit.

    b.  The names, addresses, and job titles of all employees who were working on the premises at the time of the alleged occurrence.

    c.  The name and address of the person who reported the incident.

    d.  The name, address, and job title of the person or persons responsible for ensuring the safety of the area in which Plaintiff Shirley Walker's injury occurred.

**ANSWER:**

3.    Please state the name, address and telephone number for the person or entity that:

    a.  Owned the premises where the incident made the basis of this lawsuit occurred at the time said incident occurred;

    b.  Operated the premises where the incident made the basis of this lawsuit occurred at the time said incident occurred;

    c.  Had control over the premises where the incident made the basis of this lawsuit occurred at the time said incident occurred;

    d.  Was responsible for the inspection, maintenance and repair of any defects or unsafe conditions on the premises where the incident made the basis of this lawsuit occurred at the time said incident occurred including, but not limited to, the floor upon which Plaintiff alleges injury.

**ANSWER:**

4.      Please state the name, address, telephone number and employer of all persons which investigated the incident made the basis of this lawsuit.  For each such person, further state:

   a.      Date investigation performed;

   b.      Whether any documents, reports and other writings were obtained or prepared in said investigation and who has possession of such documents;

   c.      Purpose for the performance of said investigation; and

   d.      Whether the person or entity contacted Plaintiff.

**ANSWER:**


5.      Please state whether any photographs, films, videotapes, and all other photographic evidence which is or may be relevant to any issue in this lawsuit has been generated in connection with any matter relevant herein.  If so, please provide the name, address, telephone number, and employer of the person who has possession of the said items.

**ANSWER:**


6.      State whether there have ever been any complaints to the business in question for personal injuries on or around the floor or similar to the manner in which Plaintiff was injured (for the last two years), and if so, for each such complaint please provide:

   a.      The name, address and phone number of the person or persons making such complaint;

   b.      Whether a record of any such complaint was made and who has possession of same; and

   c.      The resulting action from such complaint (i.e., repaired, replaced, etc.).

**ANSWER:**

7.   If Plaintiff made any oral statement concerning the events in issue, at any time, please state when and where the statement was made, what it consisted of and the person or persons present when it was made, and if reduced to writing, please produce a copy of same.

**ANSWER:**

8.   For each person, to your knowledge, that witnessed any part of the alleged occurrence, please provide the following:

   a.   Everything relevant to Plaintiff Shirley Walker's claim, injury, or movements that was seen or noticed.

   b.   Where in relation to the point of the alleged occurrence each such person was at the time he or she witnessed such occurrence.

**ANSWER:**

9.   In your words, describe fully how the alleged occurrence happened.  If you do not have personal knowledge, provide this information to the best of your knowledge, state how you came into this information.

**ANSWER:**

10.   Please identify the manager(s) of the business at the time the incident forming basis of this suit.  Include name, address, phone number, current employer, and length of employment with this Defendant.

**ANSWER:**

11.   Describe the condition of the particular area of the store where Plaintiff Shirley Walker was injured and hurt, at the time of the alleged occurrence—this specifically includes the floor and area in which Plaintiff alleges injury.  In particular, describe whether the particular set of doors and/or area were, for example, dangerous or a hazard, maintained or not maintained, and/or safe or unsafe, how often it was maintained, cleaned and/or inspected, who inspected it, and whether it was maintained, inspected or cleaned after each movie presentation.

**ANSWER:**

12.     Was the floor upon which Plaintiff Shirley Walker alleges injury modified or altered on a date
        before August 11, 2019 within the last five (5) years?  If so, please:

        a.      Describe the modification and/or alteration;

        b.      The reason for the modification and/or alteration; and

        c.      What individual and/or entity performed the modification and/or alteration.

**ANSWER:**


13.     Was the floor or area upon which Plaintiff Shirley Walker alleges injury modified or altered
        on a date after August 11, 2019 or after she immediately fell?  If so, please state:

        a.      Describe the modification and/or alteration;

        b.      The reason for the modification and/or alteration; and

        c.      What individual and/or entity performed the modification and/or alteration.

**ANSWER:**


14.     State the name, address, job title and employer of the person or persons responsible for
        overseeing the maintenance, safety, cleanliness, and/or maintenance of the floor and/or area
        in which Plaintiff Shirley Walker was injured including, but not limited to, the floor upon
        which she alleges injury.

**ANSWER:**


15.     What precautionary measures, if any, did Defendant take in order to reduce and/or prevent
        anyone from being hurt by the floor or in the area where Plaintiff Shirley Walker was hurt?

**ANSWER:**

16.   If you contend that any negligence on the part of Plaintiff or any other person/company was a cause of the incident(s) forming the basis of this lawsuit, please list specifically:

    a.   The name, address, and phone number for such person;

    b.   Each act and/or omission on the part of the person that you contend constitutes negligence on his or her part; and

    c.   The source of such information.

**ANSWER:**


17.   If this Defendant contends that it was not in control of the area where Plaintiff Shirley Walker, please provide:

    a.   The name and address of the person and/or entity in control of said area; and

    b.   The relationship between the person and/or entity and this Defendant.

**ANSWER:**

**"EXHIBIT D"**

CAUSE NO. _____

| | | |
|---|---|---|
| **SHIRLEY WALKER,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **BURLINGTON COAT FACTORY** | § | |
| **OF TEXAS INC., and** | § | |
| **KENNETH BLAKE BRUNER,** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT BURLINGTON COAT FACTORY OF TEXAS INC.

TO:   **DEFENDANT BURLINGTON COAT FACTORY OF TEXAS INC.**by and through its registered agent: C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, BURLINGTON COAT FACTORY OF TEXAS INC.(hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in the following requests for admissions.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
350 PINE STREET, SUITE 1440
Beaumont, Texas 77704-4905
(409) 832-9700 (phone)
(409) 832-9708 (fax)

*/s/ Mark C. Sparks*
Mark Sparks
Texas Bar No. 24000273
mark@thefergusonlawfirm.com
Layne Walker
Texas Bar No. 24118580
lwalker@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## REQUESTS FOR ADMISSIONS
## FOR DEFENDANT BURLINGTON

**Please admit or deny that:**

1.      You were properly sued in your capacity.

        **Response:**

2.      You had control of the premises where Plaintiff Shirley Walker was injured on August 11, 2019.

        **Response:**

3.      You owned the premises where Plaintiff Shirley Walker was injured on August 11, 2019.

        **Response:**

4.      You had a duty to provide safe premises to customers such as Plaintiff Shirley Walker on August 11, 2019.

        **Response:**

5.      You failed to provide safe premises to customers such as Plaintiff Shirley Walker on August 11, 2019.

        **Response:**

6.      The area where Plaintiff Shirley Walker was injured on August 11, 2019 was an unreasonably dangerous condition.

        **Response:**

7.      You failed to provide a safe store where Plaintiff Shirley Walker was injured on August 11, 2019.

        **Response:**

8.      You made modifications and/or additions to the area where Plaintiff Shirley Walker was injured on August 11, 2019 to prevent future risks or injuries.

        **Response:**

9.      You are not claiming Plaintiff Shirley Walker did anything to contribute to her injury.

**Response:**

10.    Plaintiff Shirley Walker sustained physical injuries as a result of the incident on your premises on August 11, 2019.

**Response:**

10.    You have no evidence regarding the Plaintiff's claimed injuries in this case.

**Response:**

11.    You have no evidence suggesting Plaintiff's medical bills exceeded the amount that is the usual and customary amount for the same or similar service in the area in which they were provided.

**Response:**

12.    You never offered to help pay any of Plaintiff's expenses incurred as a result of this accident.

**Response:**

13.    You have done no independent investigation into Plaintiff's medical expenses incurred as a result of this accident.

**Response:**

14.    You have not hired a private investigator to follow or surveil Plaintiff.

**Response:**

15.    You do not take responsibility for this accident.

**Response:**

16.    You do not take complete responsibility for this accident.

**Response:**

17.    You do not place any responsibility for this accident on any "sudden emergency."

**Response:**

18.    You do not place any responsibility for this accident on any "act of God."

**Response:**

19.   You do not place any responsibility for this accident on any "unavoidable accident."

      **Response:**

20.   You apologized to Plaintiff for this accident.

      **Response:**

21.   Your raw chicken products should be sufficiently wrapped to prevent blood or fluid from leaking from them.

      **Response:**

22.   You have video surveillance footage of the Plaintiff's fall.

      **Response:**

23.   You had video surveillance footage of the Plaintiff's fall.

      **Response:**